T. J. RYAN, Treasurer of Carroll County, Appellant, v. IOWA STATE TAX COMMISSION et al., Appellees.

No. 46591.

NOVEMBER 14, 1944.

Robert S. Bruner, of Carroll, for appellant.

John M. Rankin, Attorney General, and Wm. F. Mc-Farlin, Special Assistant Attorney General, for appellees.

MILLER, J.— Plaintiff's petition asserted that during the year 1943 defendants failed and refused to pay to plaintiff, as treasurer of Carroll county, the sum of $2,496.36 due Carroll county under the provisions of paragraph 3, of section 6943.100, Code, 1939, as amended by chapter 204, Acts of the Fiftieth General Assembly, and during the year 1944 failed and refused to pay the sum of $708.37 due Carroll county under such statute. The prayer was for a writ of mandamus to require such payments.

Defendants' answer admitted the identity of the parties and the refusal to pay the sums demanded but asserted that such refusal was lawful because Carroll county had refused to make payments due from it to the homestead credit fund under the provisions of section 6943.150, Code, 1939, by resorting to an ingenious device in computing soldiers' exemptions in such a manner as to appear to reduce the amounts due from Carroll county to such fund.

To illustrate the manipulation of soldiers' exemptions, an example was given of a theoretical homestead of a veteran of World War I assessed for $720, on which the homestead tax credit of 25 mills would be $18. The soldier's exemption would be $500. Deducting the $500 exemption from the $720 valuation would leave $220 subject to tax at a millage rate in Carroll county of .03677, which would produce a tax of $8.09. Subtracting the $8.09 from the $18 homestead tax credit would leave a balance of .$9.91 to be refunded by Carroll county to

the State Tax Commission under the provisions of section 6943.150. However, to avoid such refund, the county auditor computed the soldier's exemption at but $230 instead of $500. This left a valuation of $490 subject to tax, which, at the millage rate of .03677, produced a tax of $18, so that no refund would appear to be due under section 6943.150.

Defendants' answer asserted that an audit of the books of Carroll county revealed that manipulations, similar to the illustration above set forth, had resulted in failure to pay $3,204.73 due as refunds under section 6943.150.

At the trial, it was stipulated that the facts necessary to a decision were accurately set forth in the pleadings; that the only issues were questions of law; that the answer correctly described the method employed by the auditor of Carroll county in computing soldiers' exemptions and homestead tax credits; if the interpretation of the officers of Carroll county, as to their legal rights under the homestead tax credit law and the soldiers' exemption law, is correct, the state of Iowa is indebted to the plaintiff herein in the amount stated in the petition.

The court determined that the officers of Carroll county were mistaken in their interpretation of the law and dismissed the action. In so deciding, the court rendered a very clear and well-reasoned opinion. In the course of its opinion, the court states the vital issue herein thus:

"Was the tax on the various homesteads the sum resulting from the computation made by the Auditor after reducing the soldiers' exemption to a figure where the resultant tax would be equal to the credit apportioned to the homestead, or was the tax a sum resulting from applying the millage to the valuation that remained after deducting the soldiers' exemption in full?"

The court points out that, in the theoretical example of a homestead with a valuation of $720, the parties concede that the homestead tax credit at the rate of 25 mills under section 6943.142, Code, 1939, must be made on the $720 valuation, which results in a credit of $18 and that the soldier's exemption under paragraph 3 of section 6946, Code, 1939, would be $500. The soldier had asked for the full exemption of $500, but, not-

withstanding this, the county auditor computed the exemption at but $230, which left a valuation of $490 subject to tax and the millage rate in Carroll county on such valuation produced a tax of $18, equal to the homestead tax credit. Had the full statutory soldiers' exemption of $500 been subtracted from the $720 valuation, the valuation, subject to taxation, would be but $220, on which the millage rate for Carroll county would produce a tax of but $8.09, leaving a refund of $9.91 due the State Tax Commission under section 6943.150.

In determining that the county auditor was mistaken in his interpretation of the law, the court states:

"The $500.00 exemption was not taxable and no part thereof could be made subject by the action of the Auditor in reducing such exemption. Clearly the county auditor has no authority either express or implied to subject to taxation property which the Legislature has expressly declared shall be exempt. Especially is this true where the veteran applied for a full statutory exemption which it is conceded by the parties was the case as to all homesteads involved in this lawsuit."

We are in full accord with the trial court's analysis of the case and with its conclusions on the law applicable thereto.

Plaintiff contended below, and now contends here, that the county auditor was not required to allow the soldiers' exemption in full. Paragraph 3 of section 6946 provides:

"The following exemptions from taxation shall be allowed: * * * 3. The property, not to exceed five hundred dollars in actual value, of any honorably discharged soldier, sailor, marine, or nurse of the war with Germany."

Plaintiff contends that the word "shall" must be interpreted to mean "may" so that an exemption of "property not to exceed five hundred dollars in actual value" *may* be allowed. It is insisted that the county auditor may exercise discretion up to $500 in allowing the exemption. The trial court held otherwise. We agree with the trial court. If there is any discretion it is placed with the taxpayer, not with the auditor. This is demonstrated by the provisions of section

6947, as amended by chapter 242, section 2, Acts of the Forty-Ninth General Assembly, to wit:

"Any person named in section six thousand nine hundred forty-six (6946), provided he is a resident of and domiciled in the state of Iowa, *shall receive a reduction equal to his exemption, to be made from any property* owned by such person and *designated by him* by proceeding as hereafter provided. * * * Said person shall file with the county auditor his claim for exemption or reduction in taxes under oath, which claim shall set out the fact that he is a resident of and domiciled in the state of Iowa, and a person within the terms of section six thousand nine hundred forty-six (6946) * * * and may include the designation of the property from which he desires said exemption or reduction to be made, and shall further state that he is the equitable and legal owner of the property designated therein. No person may claim a reduction or exemption in more than one county of the state of Iowa, and *if no designation is made the exemption shall apply to the homestead,* if any." (Italics supplied.)

Under the record herein, persons entitled to soldiers' exemptions designated their homesteads, fixed the exemptions at the maximum of $500, and so advised the auditor. The auditor was required to give full effect to all legal designations so made. This means that the veteran "shall receive a reduction *equal* to his exemption." Section 6953, Code, 1939, provides: "All other property, real or personal, is subject to taxation * * *." The "other" property, that is subject to taxation, is determined after the designation of exempt property has been honored in full by the county officials. The auditor has no power to render taxable that which the taxpayer, pursuant to statutory authority, has designated as exempt from taxation. And, if there has been no designation, then the soldiers' exemption is automatically applied to the homestead. The application of such exemption, in either case, means a reduction *equal* to the exemption, not so much thereof as the auditor computes would be least harmful to the county or most favorable to it. Of course, if the homestead should be assessed for less than $500, then the exemption of "not to exceed" $500 would be the

value of the property, the homestead. But the full exemption available under the circumstances must be honored.

Plaintiff emphasizes that paragraph 3 of section 6943.152 requires the computation of the homestead tax credit on the assessed valuation as fixed by the assessor or by the board of review "without deducting therefrom the exemptions authorized in section 6946." It is this provision which creates our problem herein. We think that it is clear that this provision makes necessary the refunds under section 6943.150, which provides:

"If the amount of credit apportioned to any homestead under the provisions of this chapter in any year shall exceed the total tax, exclusive of any special assessments levied against said homestead, then such excess shall be remitted by the county treasurer to the state tax commission to be redeposited in the homestead credit fund and be re-allocated the following year by the commission as provided hereunder."

It seems apparent that the legislature intended that the credit should be against *actual* taxes and that no county should keep homestead tax credits which exceeded the total tax on the homestead resulting because a portion of the homestead valuation was exempt from taxation. This means that the county auditor cannot manipulate the computation of the total tax in such a way as to reduce the exemptions authorized by law and thus minimize the amount of refunds to be paid. When the legislature provided for an exemption from taxation the county auditor had no power to render such property taxable.

Plaintiff contends that the method employed by its auditor prevents the veteran's losing a part of his exemption. There is no merit in the contention. The veteran in the hypothetical case pays no tax whichever way the tax is computed. He does not get as much benefit from his exemption as he had available because of the fact that, in making his designation, he was not as frugal as he might have been. But the action of the auditor does not help him. The auditor has no power to apply the exemption to property other than the homestead in the absence of a proper designation to that effect by the veteran.

Plaintiff contends that section 6943.150 should be limited to those cases where the homestead tax credit exceeds the total tax solely because the millage rate of the county was less than 25 mills. This would mean that the homestead tax credit would be applied in cases of soldiers' exemptions to a portion of the total valuation which the legislature has said is exempt from taxation. In other words, where the homestead tax credit was sufficient to avoid the entire tax, the soldier's exemption would be disregarded and the homestead would be treated theoretically as though it were taxable in full notwithstanding the fact that the legislature had provided that a portion of it was exempt from taxation. We find no sound reason for so interpreting the statutes.

It is true that paragraph 3 of section 6943.152 so defines the ''assessed valuation,'' upon which the homestead tax credit is computed, that the exempt portion is to be utilized in computing the credit. This makes it possible for the homestead credit and the soldier's exemption in the theoretical example of a homestead assessed at $720 to be combined to eliminate the payment of any tax by the property owner. Otherwise, if the exemption were first deducted, the homestead credit of 25 mills on the reduced valuation of $220 would be but $5.50, the tax at the millage rate of .03677 would be $8.09, leaving ·a tax due in the sum of $2.59. The legislature has clearly provided that such a tax is to be eliminated.

But it does not follow that, because there is no tax to be paid by the property owner, the legislature intended that a tax should be considered to have been assessed in the face of a soldiers' exemption. We are satisfied that the term ''total tax'' in section 6943.150 means the actual tax which has been reduced by the full amount of the soldiers' exemption. It cannot be interpreted to mean a theoretical tax which ignores a valid soldiers' exemption.

The cause is—Affirmed.

All JUSTICES concur.